Wilde J.
delivered the opinion of the Court. [Aftet stating some of the facts.] The case depends on the true *35 construction of the policy. By the terms of it, t covers only such goods as the plaintiffs should, during the term, hold in trust. But strictly speaking, they held no goods in trust, either at the time of effecting the policy, or since. But the contract is to receive such a construction, as will best effectuate the intention of the contracting parties ; and we can have no doubt, from the facts agreed, that the policy was intended to cover goods which the plaintiffs held as consignees, they being commission merchants, and, in the ordinary course of business, having no other goods to which the terms of the policy could by any possibility apply.
The next question to be considered is, whether the policy must be understood to apply to goods consigned generally, or is to be limited to the goods on which the plaintiffs had made or might make advances. The solution of this question depends upon the construction to be given to the contract, taken in connexion with the representation of the assured at the time of their application for insurance. If this representation is to be taken into view, in the construction of the contract, as explaining the intention of the parties, there can be no reasonable doubt, we think, that the policy must be considered as referring only to those consignments on which advances were made ; otherwise the indemnity expected from the policy might partly fail. Suppose goods to the amount of 20,000 dollars had been consumed, on the half of which advances had been made, to the amount of 8,000 ; — by the plaintiffs’ construction of the contract, in such case they would be entitled to receive only 5,000 dollars on the goods on which they had made advances, and the other 5,000 would go to the consignors in whose goods they had no interest. This would be inconsistent with the object of the policy, and the views and expectation of the plaintiffs, as explained by their representation. If however the policy covers only the goods on which advances were made, the question would then be, whether by a fair construction of the policy, the plaintiffs are entitled to recover the value of the goods, or only to the extent of their own interest therein ; and we can discern nothing in the representation made, which manifests the intention of securing any interest but their own.
*36 On the plaintiffs’ construction, it would depend on a conmgency whether they should be indemnified or not. For if their advances had amounted to 10,000 dollars, and goods of the value of 20,000 had been consumed, the plaintiffs would recover a moiety only to their own use, and the other moiety would enure to the benefit of the consignors. This we think could not have been the intention of the plaintiffs in procuring the policy, nor could they be so understood by the underwriters. The plaintiffs requested an indemnity for themselves, and not for the consignors. The conversation they had with Curtis, soon after obtaining the policy, may seem to indicate a different understanding of the contract. This however seems doubtful. The plaintiffs had made large advances on Curtis’s consignment, and might perhaps refer to the policy, as security to the extent of those advances ; but whether such was their intention or not, it is very clear that the conversation with Curtis cannot be taken into consideration in the construction of the policy.
It has been further argued, that as events have happened, the plaintiffs will be indemnified, whichever construction may be adopted. This is true ; but in seeking for the intent of the parties, we must not regard the events which have •happened since the contract, but the circumstances existing at the time of its inception. The plaintiffs could not then know what amount of consignments they might receive during the .year, and they must be considered as having their own security in view, rather than that of strangers. Besides, the language made use of in the representation is clear and unambiguous, and evinces beyond a doubt, that their object was to secure their advances, and not to insure the goods lor the benefit of the consignors.
How far a representation is to be taken into consideration m the construction of a policy, is a question not submitted to our consideration.[1] Generally, no doubt, the terms of the policy are to be taken as the evidence of the contract ; and if they are explicit, all proposals made, or conversation had, before the subscription, inconsistent therewith, are to be con *37 sidered as waived, according to a well known rule ot construction of written contracts.
But a condition, or an implied undertaking, not expressed in the policy, may be superseded by a verbal or written statement. Or, if the representation is referred to in the policy, it may be taken into consideration, for the purpose of ascertaining the intention of the parties. So, also, if the terms of the policy be doubtful, containing a latent ambiguity, it may be explained by the representation, or by parol testimony. It might perhaps have been made a question, whether the contract in this" case might not be explained, according to these principles of construction, and the rules of evidence. The policy is on goods “ held in trust.” Now the plaintiffs had in their possession two descriptions of goods, held in trust; on the one of which they had a lien ; and nothing in the policy ascertains to which of these two descriptions it was intended to apply.
But we give no opinion on this question, not considering it as submitted to our determination. By the agreement of the parties, the representation is made a part of the case, and is to be considered in connexion with the terms of the policy, for the purpose of ascertaining the true meaning and construe tion of the contract.
In this view of the case, we are of opinion that the policy must be limited to the interest which the plaintiffs had in the goods at the time of the loss, and that they cannot recover for the benefit of any of the consignors.

Plaintiffs nonsuit

 See 2 Phil. Ins. 12, 482; Astor v. Union Ins. Co. 7 Cowen, 202.